**Wacks & Hartmann, LLC**
Attorneys at Law
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
(973) 644-0770
Attorney of record: Philip D. Stern
Attorneys for Plaintiffs, Mark A. Apostolou,
Richard S. Crews, Robert H. Gardner, Sr.,
Arnoud C. Moes, Jeri B. Schwebs, Bradley M.
Sondrol, John M. Wade, Chandelle L.
Whitney, Don Wideman, Sygmund N.
Williams, and all others similarly situated

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK A. APOSTOLOU, an individual; *et al.*,<br><br>    Plaintiffs,<br><br>    vs.<br><br>MANN BRACKEN, LLC, a Georgia Limited Liability Company; *et al.*,<br><br>    Defendants. | Civil Action No.<br>2:07-cv-04950-PGS-ES |

# PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE PURSUANT TO COURT'S ORDER DATED JULY 8, 2008 [DOC. 21]

pds1300

This Memorandum addresses the two issues framed in the Court's Order dated July 8, 2008 [Doc.21]. Those issues are: "(1) Plaintiffs' response to Defendant's argument that this Court lacks personal jurisdiction over the nine out-of-state Plaintiffs; and (2) whether Plaintiffs seek jurisdictional discovery."

The non-Apostolou Plaintiffs have joined their related claims with Apostolou's claims. This is permissible under Fed.R.Civ.P. 20. Those Plaintiffs consent to this Court's personal jurisdiction.

Defendant seems to argue, however, that the claims of the non-New Jersey Plaintiffs should be treated as if hypothetically severed and, as to *those* claims, this Court lacks personal jurisdiction over Defendant even though it is subject to personal jurisdiction on Apostolou's claims. Therefore, argues Defendant, there is improper venue under 28 U.S.C. § 1406(a).

Plaintiffs contend that Defendant misconstrues the permissible joinder of related claims under Fed.R.Civ.P. 20. Nevertheless, under Defendant's severed-claim construct, the determination of proper venue would turn on whether there is personal jurisdiction over Defendant, because personal jurisdiction constitutes residence for purposes of proper venue under 28 U.S.C. § 1391.

Defendant relies on its lack of physical presence in New Jersey. Long before anyone heard of the Internet, the Supreme Court made clear that a defendant's physical presence in the forum state is not necessary for *general* personal

jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). "[I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Id.*

The Third Circuit holds that, in the absence of a physical presence, there is general personal jurisdiction when a business engages in continuous forum activities, which are central to its business. In *Provident Nat'l Bank v. California Federal Sav. & Loan Asso.*, 819 F.2d 434 (3rd Cir. 1987), a bank with no physical presence in Pennsylvania was subject to general personal jurisdiction in the Eastern District of Pennsylvania based on no more than 1,000 depositors from Pennsylvania constituting 0.066% of the bank's business and 0.071% of its deposits; 0.083% of its loans were made to Pennsylvania residents. The *Provident* Court did not look at the extent of the bank's Pennsylvania business but to the fact that deposits and loans were central to its business and that activity was conducted through Pennsylvania residents.

Here, Plaintiffs contend that Defendant's collection activities are "purposefully directed" toward New Jersey residents and that those activities are

Defendant's core activities – sending "dunning" letters, making collection telephone calls, and bringing arbitration proceedings. Plaintiffs further contend that these activities are "continuous and substantial." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984). Consequently, it is proper to conclude that Defendant is subject to *general* jurisdiction in New Jersey.

Plaintiffs request discovery limited to the jurisdictional issues. This would include, *inter alia*: (1) the number of Defendant's phone calls placed to New Jersey consumers; (2) the number of Defendant's letters sent to New Jersey consumers; (3) the number of arbitrations commenced or initiated by Defendant against New Jersey consumers; (4) whether Defendant actually appointed the Clerk of the New Jersey Supreme Court as its agent for process; (5) the amount of money Defendant has collected from New Jersey consumers; (6) Defendant's New Jersey clients; (7) Defendant's promotional materials directed to its prospective clients; and (8) Defendant's contracts with its current and recent past clients.

                    Respectfully submitted,
                    **WACKS & HARTMANN, LLC**

                    */s/ Philip D. Stern*

Dated: July 15, 2008         PHILIP D. STERN
                    Attorney for Plaintiffs, Mark A. Apostolou,
                    Richard S. Crews, Robert H. Gardner, Sr.,
                    Arnoud C. Moes, Jeri B. Schwebs, Bradley M.
                    Sondrol, John M. Wade, Chandelle L. Whitney,
                    Don Wideman, Sygmund N. Williams, and all
                    others similarly situated