## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

|  |  |
|---|---|
| : | |
| : | |
| MARK A. APOSTOLOU, ET AL.   : | Civil Action No. 07-4950 (PGS) |
| : | |
| Plaintiffs,   : | |
| : | |
| v.   : | **MEMORANDUM AND ORDER** |
| : | |
| MANN BRACKEN, LLC, ET AL.   : | |
| : | |
| Defendants.   : | |
| : | |

_____

SHERIDAN, U.S.D.J.

This matter comes before the Court on Defendant, Mann Bracken LLC's, objections to the November 25, 2008 Report and Recommendation of the Honorable Esther Salas, which recommended denying Defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer to the Northern District of Georgia.  This Court has reviewed the record *de novo* and for the following reasons substantially agrees with Judge Salas's recommendations to deny Defendant's motion; but dismisses the claims of Plaintiffs Wideman, Schwebs and Williams since the state claw claims are not in common with other claims.

**Procedural History**

On October 14, 2007, Plaintiffs Mark Apostolou and Chandelle Whitney instituted the present action against Mann Bracken, LLC,  alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (FDCPA), by attempting to collect debts through false, deceptive, and misleading practices.  Plaintiffs  also seek certification of  a class action. Defendant is a limited liability company that has its principal place of business in the State of Georgia.  Mr. Apostolou is a resident of New Jersey,  and Ms. Whitney is a resident of New

Hampshire.  Defendant has conceded that this Court has specific personal jurisdiction over it based upon Mr. Apostolou's claims.

On December 12, 2007, before Defendant filed an answer or other responsive pleading, Plaintiffs filed an Amended Complaint, adding eight plaintiffs who do not reside in New Jersey.  The eight plaintiffs are: Richard S. Crews of Oklahoma, Robert H. Gardner of Arizona, Arnoud C. Moes of South Carolina, Jeri B. Schwebs of California, Bradley M. Central of North Dakota, John M. Wade of New York, Don Wideman of Texas, and Sygmund N. Williams of California ("Added Plaintiffs").  The Amended Complaint sought certification of a class action having three classes, two of which have sub-classes for California and Texas residents.

Defendant's motion to dismiss was referred by this Court to Judge Salas for a report and recommendation pursuant to Local Civil Rule 72.1.  Judge Salas recommended that the permissive joinder of the out-of-state plaintiffs under Fed R. Civ. P. 20 was proper. Defendant Mann Bracken objected to Judge Salas's recommendation.

**Common Transactions among the Plaintiffs**

Sometime prior to filing their complaint, each plaintiff allegedly incurred and then defaulted on a financial obligation.  While plaintiffs allegedly defaulted with three different financial institutions, Chase Bank USA, N.A., FIA Card Services N.A., and Target National Bank, each institution assigned, placed, transferred, or sold the debt to defendant, Mann Bracken for collection.

Thereafter, Mann Bracken allegedly sent each individual plaintiff a letter[1] in an attempt to collect the outstanding debt.  The letters sent to the Plaintiffs are very similar[2].     Each letter

---

[1]     Plaintiff Schwebs did not receive a letter.

[2]     Plaintiff Whitney received a different letter; but each letter  refers to plaintiff's particular default.

contains the same three substantive paragraphs which state (1) the matter had been referred to defendant by a financial institution, (2)  in order to collect the amount owed, and (3) plaintiff could avoid a law suit by responding within thirty days.  The paragraphs state:

> The above referenced account has been referred to this firm for collection.  The Balance above is the amount owed as of the date of this letter.  Depending upon your account agreement with the creditor, interest, late charges and other charges may continue to accrue on your account.  Therefore, the amount due on the date you pay may be greater.  If you pay the Balance above and an additional payment is required for your account to be closed as paid in full, we will attempt to contact you again.
>
> * * *
>
> The original contract you entered into with [Institution Name] or with the predecessor or assignor of [Institution Name], provides for the resolution of claims or disputes by binding arbitration.  If we are unable to reach satisfactory arrangements, the filing of an arbitration claim will be evaluated.   If an arbitration award in favor of [Institution Name] is granted, we intend to pursue  legal remedies available pursuant to the award.  This firm practices law in DC, GA, MD, NC, SC, TN, TX, VA and WV.  Accounts in other jurisdictions may be forwarded to an attorney licensed in that jurisdiction should a local attorney become necessary.  This does not affect your rights set forth in this letter or any other rights you may have.
>
> * * *
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment if one exists and mail you a copy of such verification or judgment.  If you request from this office in writing within 30 days from receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Plaintiffs contend that each letter is a violation of the FDCPA because the letters misrepresented the facts. The letter was false because defendant did not " receive any meaningful

review or involvement by a licensed attorney prior to mailing, and . . . licensed attorneys were [not] directly involved in reviewing [the] Plaintiff's file" as the letter stated.

In addition to receiving letters, every plaintiff allegedly received numerous phone messages from Mann Bracken in an attempt to collect the debt owed. While Plaintiffs acknowledge that the format of each phone message varied slightly, Plaintiffs contend that all of the messages followed the same themes: first indicating who the message was for, then identifying the individual agent as being from "Mann Bracken Attorneys at Law," stating the need for the agent to talk to the plaintiff regarding a time sensitive business matter, and finally the imperativeness that the call be returned. Plaintiff contends that each message is a violation of the FDCPA because it fails to disclose "that the communication was from a debt collector, the purpose of the communication (i.e., an attempt to collect a debt), and that the communication was not from an attorney."

## II.

This issue in this matter is whether permissive joinder of the Added Plaintiffs is appropriate. Fed. R. Civ. P. 20(a)(1). Permissive joinder of the Added Plaintiffs is subject to some controversy. Defendant claims that the Added Plaintiffs are not within the jurisdiction of the District of New Jersey, and therefore cannot be joined, while Plaintiffs' counsel argues Added Plaintiffs are not subject to a jurisdictional requirement, and Federal Rule 20(a)(1) allows same. The Rule states:

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

In this matter, Added Plaintiffs claim that their transaction arose out of the same series of transactions, namely the allegedly unlawful sending of letters and telephonic voice messages, and such communications violated the FDCPA.

The Defendant argues that permissive joinder of out-of-state plaintiffs exists where there is specific personal jurisdiction over the Added Plaintiffs. *Executone of Columbus, Inc. v. Inter-Tel, Inc.*, Civ. No. 06-126, 2006 WL 3043115 (S.D. Ohio Oct. 4, 2006). In *Executone*, the district court ruled:

> If the law as were [sic] the Plaintiffs state, then for a defendant to be subject to specific jurisdiction on one claim by one plaintiff would suddenly make him vulnerable to general jurisdiction as to all other parties who arguably have claims arising out of the same transaction or occurrence with common questions of fact or law. This would unfairly allow Plaintiffs to bypass the requirements of personal jurisdiction.

*Id.* at *6.

On the other hand, Added Plaintiffs argue that the competing policy is for judicial efficiency. It argues that the very concept of personal jurisdiction requirements are to ensure fairness to a defendant. It is a touchstone of personal jurisdiction case law that a defendant is not haled into a jurisdiction purely as a result of "random, fortuitous, or attenuated contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citation omitted). However, once a court has jurisdiction over a defendant, the "Courts have consistently held that a court always has personal jurisdiction over a named plaintiff because that party, by choosing the forum, has consented to the personal jurisdiction of that court." *Moore v. Rohm & Haas Co.,* 446 F.3d 643, 646 (6th Cir. 2006).

The practice of Rule 20 joinder is liberal. The objectives of permissive joinder are to "complete justice among all others whose interest were affected by the dispute and avoidance of multiplicity of actions."7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice

and Procedure § 1651 (3d ed. 2001).  Rule 20 joinder "promote[s] trial convenience and expedites the final determination".  *Id.* at §1652.  Permissive joinder has been allowed in many types of cases including ones under the Fair Labor Standard Act, House and Rent Act, Labor Management Relations Act, and the Security Exchange Act. *Id.* at §1656. In light of same, this case easily fits here where the Fair Debt Collection Practices Act is at issue. Defendant is already properly before this Court; and judicial efficiency and promptness appears to beckon for permissive joinder for those Added Plaintiffs that are similarly situated.  *See Williams v. Richardson*, 481 F.2d 358, 361 (8th Cir. 1973).

**State Law Claims**

Having found that permissive joinder may be proper over most of the Added Plaintiffs, there is a Rule 20 issue. Rule 20 applies to the claims that arise out of the "same transaction" and they assert "[a] right to relief jointly."  Fed. R. Civ. P. 20(a)(1)(A).  The issue that arises are the claim of Don Wideman who alleges a violation of the Texas Debt Collection Practices Act (Tex. Fin. Code §§ 392, *et seq.*.)[3], and the claims of Jeri Schwebs and Sygmund Williams who allege a violation of the California Debt Collection Practices Act.  It appears the Texas and California statutes may not be in common with the federal claim. The state statutes are not explained, but the reference to four separate sub-classes gives rise to different criteria for proving a violation.  For example, only Texas resident seek injunctive relief. This undermines the commonality of their claims.  Because Apostolou, the New Jersey plaintiff, does not assert a state remedy, the Texas and California

---

[3]  He likewise seeks certification of two sub-classes under Texas state law, consisting entirely of Texas residents.

plaintiffs are very different. For that reason, the claims of the Texas and California Plaintiffs may be substantially different from those asserted by Apostolou.

**Conclusion**

Therefore, this Court adopts Judge Salas's findings in the Report & Recommendation that the Court has personal jurisdiction over all claims of all the Added Plaintiffs set forth in the Amended Complaint; but disagrees with the finding that economy and fairness are best served by its exercising jurisdiction over Plaintiffs' state law claims.  Thus, this Court  declines jurisdiction over the Texas and California claims.

_**s/Peter G. Sheridan**_
PETER G. SHERIDAN, U.S.D.J.

May 1, 2009